UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ERIC HOUSTON ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:01-cv-519 |
| ) | 3:99-cr-132 |
| ) | *Jarvis* |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Eric Houston ("Houston"). For the following reasons, the motions to amend the § 2255 motion will be **DENIED**, the original § 2255 motion will be **DENIED,** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Houston's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Houston "must show a 'fundamental defect which inherently results in a complete

miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Houston is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

Houston pleaded guilty to possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B). In a signed stipulation of facts in support of the guilty plea, Houston agreed that "[t]he relevant conduct attributable to the defendant totals at least 5 grams, but less than twenty grams, of cocaine base." [Criminal Action No. 3:99-cr-142, Court File No. 21, Stipulation of Facts, p. 1 (under seal)]. Because he was responsible for at least five grams of cocaine base, and based upon a prior drug conviction,[1] Houston was subject to a minimum mandatory term of imprisonment of ten years

---

[1] Houston did not object to the government's notice of enhancement, pursuant to 21 U.S.C. § 851, for enhanced punishment based upon

2

to life, pursuant to 21 U.S.C. § 841(b)(1)(B). He acknowledged as much in his plea agreement:

> The maximum penalty to which the defendant will be exposed by virtue of his guilty plea is a minimum mandatory term of imprisonment of ten (10) years to life, a fine of $4 million, a term of supervised release of at least eight (8) years up to life, and a mandatory assessment of $100.

[Criminal Action No. 3:99-cr-142, Court File No. 20, Plea Agreement, p. 2, ¶ 2 (under seal)].

Based upon his criminal history, Houston was determined to be a career offender pursuant to U.S.S.G. §4B1.1. Because the statutory maximum term of imprisonment authorized for his offense was life, Houston's offense level was 37, reduced to a total offense level of 34 after the three-level reduction for acceptance of responsibility. Thus, with a criminal history category of VI, Houston's guideline sentence range was calculated as 262 – 327 months. The government, however, as contemplated by the plea agreement, filed a motion for downward departure based upon substantial assistance. Therefore, by judgment entered November 7, 2000, Houston was sentenced to a term of imprisonment of 200 months. He did not appeal his conviction or sentence.

In support of his § 2255 motion to vacate sentence, Houston alleges the following: (1) he was denied effective assistance of counsel when his attorney failed to file a notice of appeal, although requested to do so; (2) he was improperly enhanced as a career offender under U.S.S.G. §4B1.1; (3) his sentence exceeded the statutory maximum allowed by law under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (4) two prior convictions set forth

---

Houston's prior felony drug conviction.

in the presentence report should not have been used in calculating his criminal history.  He also filed two motions to amend the § 2255 motion, which will be denied.

II.   Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Houston must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Houston specifically alleges his attorney failed to file a notice of appeal, despite his request to do so. He also states that family members were present at that discussion, and that

possible issues for appeal were discussed later with his attorney. He does not state, however, what the basis of such an appeal would have been.

In *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998), the Sixth Circuit held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Id.* at 459. The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id. See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

As an exhibit to its response to the § 2255 motion, the government has filed the affidavit of Michael P. McGovern, Houston's counsel of record, who testifies in pertinent part as follows:

> 5.   On October 27, 2000, judgment was rendered and Eric Houston was sentenced by the Court.
>
> 6.   To the best of my recollection, October 27, 2000, was the last date that I saw or spoke to Eric Houston.
>
> 7.   I never spoke to Mr. Houston about an appeal of the judgment or sentence in his case.
>
> 8.   I do not recall any post-sentencing meeting with Mr. Houston and/or members of his family.
>
> 9.   To the best of my recollection, I never met any members of Mr. Houston's family, either before or after the sentencing hearing.
>
> 10.   In the normal course of business, I maintain contemporaneous time records on my case files. I have reviewed the time records on the Eric


6
Case 3:01-cv-00519   Document 10   Filed 01/03/06   Page 6 of 12   PageID #: 6

> Houston file. The last entry appearing on those time records which indicates any communication between myself and Mr. Houston was the sentencing hearing on October 27, 2000.

[Court File No. 3, United States' Response, Exhibit A, Affidavit of Michael P. McGovern].

Mr. McGovern states he did not consult with Houston as to his right to appeal and the court sees no reason for him to have done so. Houston stipulated to the amount of drugs for which he would be held accountable and acknowledged the penalty range to which he was subject based upon the amount of drugs and a prior drug conviction. In addition, the government moved for a downward departure, as agreed, based upon substantial assistance. There was no basis for an appeal in this case. Therefore, the court finds Mr. McGovern"s testimony to be the more credible on the issue of whether Houston instructed him to file an appeal. Under these circumstances, Houston has failed to state a claim of ineffective assistance of counsel under the standard established in *Strickland*. *See, e.g., Roe v. Flores-Ortega*, 528 U.S. 470, 479-480 (2000).

### B. Career Offender Enhancement

As his second ground for relief, Houston alleges he was improperly enhanced as a career offender under U.S.S.G. §4B1.1 and claims he did not possess the required prior convictions for career offender status; as his fourth ground for relief, Houston makes the related claim that two prior convictions set forth in the presentence report should not have been used in calculating his criminal history. Houston gives no reasons for these allegations.

For purposes of the sentencing guidelines, a career offender is defined as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1.

Houston alleges his 1991 Knox County conviction for aggravated assault and his 1992 Knox County conviction for attempt to possess with intent to sell cocaine should not have been counted in calculating his criminal history. [Presentence Investigation Report, ¶¶ 26 & 33, respectively].

Houston was sentenced to three years on the aggravated assault conviction, which involved firing a handgun at the victim. Clearly, this conviction meets the definition for a "crime of violence" set forth in U.S.S.G. §4B1.2(a):

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Houston received a three-year suspended sentence on his conviction for attempt to possess with intent to sell cocaine. This likewise meets the definition for a controlled substance offense set forth in U.S.S.G. §4B1.2(b):

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a

> controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

"'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.*, comment. (n.1). *See United States v. Larry*, No. 96-2438, 1997 WL 810004 (6th Cir. December 30, 1997) (unpublished decision) (a conviction for attempted possession with intent to deliver heroin was properly considered as an underlying conviction for career offender status under U.S.S.G. §4B1.1).

Based on these convictions, it is clear that Houston was properly sentenced as a career offender. The convictions were also properly included in Houston's criminal history. His allegations to the contrary lack merit.

### C. Apprendi

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the U.S. Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490. Houston alleges his sentence exceeded the statutory maximum allowed by law under *Apprendi* because the government failed to prove beyond a reasonable doubt the type and quantity of the drug.

As part of his guilty plea, however, Houston stipulated to the type and quantity of the cocaine, and thus waived any right he had under *Apprendi*. In addition, his sentence of 200

months did not exceed the statutory maximum sentence of 20 years for possession of any amount of cocaine under 21 U.S.C. § 841(b)(1)(C). Accordingly, *Apprendi* does not afford Houston any relief.

### D. *Motions to Amend*

Houston does not state the basis for his motions to amend, nor did he submit proposed amendments. In any event, any amendment would be time-barred. Houston's original § 2255 motion was timely filed; the motions to amend were filed after the expiration of the statute of limitation.[2] "The 'original pleading' to which Rule 15 refers is the complaint in an ordinary

---

[2] As a result of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *See Chandler v. United States*, 22 Fed.Appx 399, 400, 2001 WL 1176597 *1 (6th Cir. 2001) (citing *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final").

civil case, and the petition in a habeas proceeding." *Mayle v. Felix*, 125 S. Ct. 2562, 2569 (2005). "An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 2566.[3] *See also Oleson v. United States*, 27 Fed.Appx. 566, 571, 2001 WL 1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument"). Accordingly, the motions to amend will be denied.

IV.   Conclusion

Houston is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good

---

[3]The AEDPA established a one-year statute of limitation for both motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and habeas corpus petitions pursuant to 28 U.S.C. § 2254. For the most part §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other. *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *Metheny v. Hamby*, 835 F.2d 672, 673-74 (6th Cir. 1987).

faith and would be totally frivolous.  A certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                            *s/  James H. Jarvis*
                                      UNITED STATES DISTRICT JUDGE